UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. 2:22-CV-574 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, | |
| Defendant(s). | |

Presently before the court is defendant Nationstar Mortgage's motion to dismiss plaintiff SFR Investments Pool 1's amended complaint. (ECF No. 22). Plaintiff filed a response (ECF No. 27), to which defendant replied (ECF No. 33).

**I.     Background**

This matter arises from an impending foreclosure sale of real property located at 9147 Cantina Creek Court, Las Vegas, Nevada 89178 (the "property") (ECF No. 19). Plaintiff is the current title owner of the property after purchasing it at a foreclosure sale on February 15, 2013. *See* (*id.*) This foreclosure sale was initiated by the homeowners' association governing the property after the prior owners failed to timely pay their assessments. *See* (ECF No. 22 at 3–4).

In 2006, the property's prior owners obtained a loan for the purchase price secured by a deed of trust. (ECF No. 19). The prior owners failed to make payments on the deed, and defendant's predecessor in interest recorded a notice of default on July 7, 2010, evidencing its intention to foreclose. (*Id.*) This notice of default also allegedly accelerated the loan underlying the deed of trust. Later, on July 29, 2011, defendant's predecessor in interest recorded a notice of rescission that rescinded its prior notice of default and, allegedly, decelerated the debt to its

**James C. Mahan**
**U.S. District Judge**

1  originally maturity date. (*Id.*) A second rescission was recorded in June 2020, which defendant
2  argues was done "out of an abundance of caution." (ECF No. 22)

3  Plaintiff further alleges that, upon information and belief, at some point before July 2010,
4  it sent the prior owners a "notice of acceleration" letter that also purportedly accelerated the deed
5  of trust (ECF No. 19). This letter is not part of the record here, nor does plaintiff provide any
6  specific allegations to substantiate its existence.

7  In September 2021, a second notice of default and election to sell was recorded. (*Id.*)
8  Following that notice of default, on October 13, 2021, plaintiff sent defendant a request for
9  statements of the debt and the note pursuant to Nevada law. (*Id.*) Defendant responded on
10 November 15, 2021, and plaintiff alleges this response was untimely and incomplete. (*Id.*)
11 Following this request, in March 2022, a foreclosure sale was set for April 15, 2022. (*Id.*)

12 Plaintiff filed the instant suit on April 5, 2022, alleging that the deed of trust had been
13 accelerated and presumed satisfied under Nevada's ancient lien statute, and that defendant had
14 not properly provided information requested under Nevada law. (ECF No. 1). According to
15 plaintiff, defendant has no claim to the property and cannot foreclose. Plaintiff later filed an
16 amended complaint. (ECF No. 19). Defendant now moves to dismiss the amended complaint in
17 its entirety. (ECF No. 22).

18 **II.    Legal Standard**

19 A court may dismiss a complaint for "failure to state a claim upon which relief can be
20 granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
21 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell
22 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed
23 factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of
24 the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
25 omitted).

26 "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550
27 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the

James C. Mahan
U.S. District Judge

- 3 -

opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.   Discussion**

Defendant moves to dismiss plaintiff's complaint for failure to state a claim. Principally, defendant argues that recent Nevada Supreme Court precedent precludes plaintiff's claim as a matter of law. *See SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194 (Nev. 2022) (hereinafter *Gotera II*). Plaintiff contends that the precedent is distinguishable, and that Nevada's ancient lien statute extinguished the deed of trust in 2020, ten years after the first notice of default. *See* Nev. Rev. Stat. § 106.240.

Just as the Nevada Supreme Court determined in *Gotera II*, this court finds that the notice of rescission decelerated the debt under the deed of trust. *See* 507 P.2d at 197–98. There is nothing in the instant case that distinguishes it from *Gotera II*. Plaintiff baldly asserts that the loan was also accelerated by some unproduced letter rather than the notice of default. (ECF No. 15 at 8).

The Nevada Supreme Court has squarely held that "some prior unidentified acceleration" could not have "remained intact after the bank rescinded the notice of default." *Gotera II*, 507 P.2d at 197; *see also Daisy Tr. v. Fed. Nat'l Mortg. Ass'n,* No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022) (holding that "acceleration cannot occur until the conclusion of the 35-day period allotted for the borrower to cure the deficiency—and [] this period does not begin to run until the notice of default has been recorded" and foreclosing plaintiff's argument that the unproduced letter could have accelerated the debt prior to the 2010 notice of default).

This case is essentially identical to what was before the Nevada Supreme Court in *Gotera II*. After recording the first notice of default in 2010, defendants recorded a rescission in 2011. (ECF No. 1 at 3). Whether some other unknown and undiscovered letter purported to accelerate the debt means nothing when the rescission clearly decelerates the loan and renders the ancient

**James C. Mahan**
**U.S. District Judge**

- 4 -

lien statute inapplicable.  Thus, plaintiff's claim must be dismissed.  The deed of trust was never extinguished and plaintiff's rights to the property are not superior to defendant's.

Defendant also moves to dismiss plaintiff's claim under NRS 107.200 *et seq*.  Nevada law requires the beneficiary of a deed of trust to provide certain information regarding the debt to the grantor of the property subject to the deed of trust (or the grantor's successor-in-interest) within 21 days of a request.  Nev. Rev. Stat. § 107.200 *et seq*.  It also allows the grantor to request a copy of the note at no additional cost when it makes a request for a statement under NRS 107.200.  Nev. Rev. Stat. § 107.260.

Plaintiff's claim is that defendant (1) failed to provide all of the requested information and (2) failed to provide the note at all.  Defendant argues that there is no private right of action for a failure to provide the note and that plaintiff's complaint fails to specifically allege how the response was deficient.  The court agrees with defendant and dismisses this claim.

NRS 107.300 provides the remedial scheme for violations of NRS 107.200 *et seq*.  It provides a private right of action for damages against any "beneficiary who willfully fails to deliver a statement requested pursuant to NRS 107.200 or 107.210 within 21 days after it is requested."  Nev. Rev. Stat. § 107.300.

Conspicuously absent from that list is NRS 107.260, the section allowing requests for the note.  It is axiomatic in statutory interpretation that the inclusion of one thing implies the exclusion of another—*expression unius est exclusion alterius*.  *See Whitfield v. Nevada State Pers. Comm'n*, 492 P.3d 571, 576 (2021) (citing *Bopp v. Lino*, 885 P.2d 559, 563 (1994)).  That the Nevada legislature explicitly set out damages for violations of certain statutory sections but not NRS 107.260 is evidence that there is no private right under that section.  *See SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, No. 2:22-CV-00373-APG-NJK, 2022 WL 2068203, at *2 (D. Nev. June 8, 2022) (concluding the same).

Further, even to the extent plaintiff relies on NRS 107.200, its claim also fails.  It alleges that defendant's response "did not include all of the information required pursuant to NRS 107.200 and 107.210." (ECF No. 19 at 6).  Missing from this allegation and from the rest of the complaint is any indication of *what*, specifically, was missing from defendant's response.  A bald

**James C. Mahan**
**U.S. District Judge**

- 5 -

assertion that an ambiguous "something" was missing from defendant's response is not enough to put defendant on notice such that it could effectively defend itself. *See Starr*, 652 F.3d at 1216. Thus, plaintiff's NRS 107.200 claim is dismissed because it fails as a matter of law as to NRS 107.260, and it contains insufficient facts to allege a violation of NRS 107.200.

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so. Fed. R. Civ. P. 15(a)(2). The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Id.*

The plain language of the rescissions leave the deed of trust valid. Given that, plaintiff cannot state a claim for relief; defendant holds a valid interest in the property. The court thus dismisses plaintiff's quiet title claim with prejudice.

Plaintiff's NRS 107.200 claim is also dismissed with prejudice insofar as it relies on the failure to provide the note as requested under NRS 107.260. Because this claim, as far as it relies on allegations regarding the NRS 107.200 statement itself, could be cured by additional allegations as to exactly what was missing from defendant's response, the court must dismiss the claim without prejudice.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss plaintiff's amended complaint (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's first cause of action be, and the same hereby is, DISMISSED, without prejudice.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's second cause of action be, and the same hereby is, DISMISSED, with prejudice.

DATED January 3, 2023.

_____
UNITED STATES DISTRICT JUDGE